TIMOTHY D. BARROW, ESQ.
Grist Mill Square, Suite 3
148 Main Street
Lebanon, New Jersey  08833
(908) 236-2229
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

ASPEN AMERICAN INSURANCE COMPANY,    :

                          *Document Electronically Filed*

                     Plaintiff,   :   CIVIL ACTION No.
  v.

M/V  APL INDONESIA V.38W, her engines, tackle,   :
appurtenances, etc.,    *in rem,*
UNSWORTH (U.K.) LTD t/a Unsworth Global
Logistics  and  MITSUI O.S.K. LINES LTD.,         **VERIFIED COMPLAINT**
*in personam*                                          **IN ADMIRALTY**
                     Defendants    :

---

The Plaintiff herein, by its attorney, Timothy D. Barrow, complaining of the above Defendants, verifies upon information and belief as follows:

**THE  PARTIES**

1. At and during all times hereinafter mentioned, Plaintiff ASPEN AMERICAN INSURANCE COMPANY, is a corporation or other business entity duly organized and existing under and by virtue of the laws of the State of Texas with an office and place of business at 101 Hudson Street, Jersey City, New Jersey 07302.

2. At and during all times hereinafter mentioned, Defendant UNSWORTH (U.K.) LTD trading as Unsworth Global Logistics, is a corporation or other business entity duly organized and existing under and by virtue of the laws of another country with an office and place of business at 3 Lemna Road; Leytonstone E11 1JL, United Kingdom.

3. At and during all times hereinafter mentioned, Defendant MITSUI O.S.K. LINES LTD. is a corporation or other business entity organized and existing under and by virtue of the laws of another country and does business in the State of New Jersey by and through its general agents, MOL (America) Inc., which has an office and place of business located at Ten Woodbridge Center Drive, Suite 900, Woodbridge, New Jersey 07095.

4. Plaintiff brings this action as the subrogated insurer of the subject cargo in suit and is entitled to maintain this action and also does so for and on behalf of the shipper, consignee and/or owner of the subject cargo as their interests may appear.

5. Defendant vessel APL INDONESIA is or will be within the District during the pendency of this action.

6. Defendant UNSWORTH (U.K.) LTD is a non-vessel operating common carrier of cargo for hire and is otherwise a bailee of cargo entrusted in its care, custody and/or control

7. Defendant MITSUI O.S.K. LINES LTD is a vessel operating common carrier and/ or contract carrier of cargo for hire and is otherwise a bailee of cargo entrusted in its care, custody and/or control.

## JURISDICTION AND VENUE

8. Plaintiff's causes of action are admiralty and maritime claims within the original jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 1333, and also arises under Federal Rule of Civil Procedure 9(h) as well as this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

9. Venue is proper and appropriate for this action pursuant to Federal Rule of Civil Procedure 82 as this Court's admiralty jurisdiction has been invoked by Plaintiff and Defendants herein are subject to personal service and/or the provisions of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

### PLAINTIFF'S CAUSE(S) OF ACTION AGAINST DEFENDANT UNSWORTH (U.K.) LTD AND DEFENDANT VESSEL APL INDONESIA

10. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 9 of the within Verified Complaint In Admiralty in their entirety, as if set forth herein at length.

11. On or about April 14, 2014, Defendant UNSWORTH (U.K.) LTD issued or caused to be issued bill of lading ESL1400887 and/or other receipts for the transport by ocean and overland of 906 cartons of Fragrances identified as dangerous goods with maximum carrying/storage temperature noted that were to be loaded aboard the M/V APL INDONESIA on or about April 13, 2014 at Felixstowe, after receipt of same inland at Ruislip, for subsequent ocean transport to and discharge & delivery at Miami, FL, in consideration of certain freight paid and then received by said Defendant or persons acting on its behalf.

12. The subject cargo of Fragrances, more fully described in the said bill of lading, and/or receipts, was received in good order and condition at Ruislip and transported to the port of loading at Felixstowe by the Defendant UNSWORTH (U.K.) LTD, or persons acting on its behalf and/or at its direction, in container no. TCLU8511160 on or before April 14, 2014 which was then loaded aboard the Defendant Vessel APL INDONESIA for water transport at which time said Defendants continued to exercised care, control and/or custody over the subject cargo through to the time of discharge and delivery in the United States.

13. Thereafter the Defendant Vessel APL INDONESIA sailed Felixstowe on or about April 14, 2014 with the subject cargo aboard and arrived at the port of Miami on or about April 26, 2014. Thereafter, Defendant UNSWORTH (U.K.) LTD and Defendant Vessel, or those acting on their behalf or at their direction caused the subject cargo to be discharged and delivered same on or about April 30, 2014 from the said port.

14. Upon delivery or shortly thereafter on April 30, 2014, the subject cargo was found damaged, broken and received in an otherwise unsound condition by Plaintiff's insured consignee which damage and/or unsound condition is attributed to thermal expansion of the Fragrance during the course of transit and/or storage due to sustained elevated temperatures in excess of what was contracted with and/or notified to the carrier as the maximum temperature for this dangerous cargo's transport.

15. The said Defendants' failure to deliver the subject cargo in the same good order, quantity and condition as received at Ruislip and Felixstowe were caused by the Defendants' and/or their sub-contractors', agents', and/or servants' breaches of contract and/or warranty, negligence, unreasonable deviation(s), and/or reckless conduct or omissions to properly receive, store, load, stow, lash, carry, transport, discharge, deliver and care for the subject cargo. By reason of such loss, damage and/or otherwise unsound conditions foisted upon the subject cargo, the said Defendants breached, failed and violated their duties and obligations as carriers, bailees, and were otherwise at fault which also give rise to a maritime lien enforceable against Defendants and/or their property interests.

16. Plaintiff and its insured(s) have duly performed all duties and obligations on their part to be performed.

17. By reason of the premises, Plaintiff has sustained damages as nearly as same can estimated, no part of which has been paid although duly demanded, in the amount of $10,000.00.

## PLAINTIFF'S CAUSE(S) OF ACTION AGAINST DEFENDANT MITSUI O.S.K. LINES LTD.

18. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 9 of the within Verified Complaint In Admiralty in their entirety, as if set forth herein at length.

19. On or about April 14, 2014, Defendant MITSUI O.S.K. LINES LTD. issued or caused to be issued bill of lading numbered MOLU28007223846 and/or other receipts for the transport by ocean and overland of 906 cartons of Fragrances that were to be loaded aboard the M/V APL INDONESIA on or about this same date at Felixstowe for transport and subsequent discharge and delivery at Miami, in consideration of certain freight paid and received by said Defendant or persons acting on its behalf.

20. The subject cargo of Fragrances, more fully described in the said bill of lading, and/or receipts, was delivered to and received in good order and condition by the Defendant MITSUI O.S.K. LINES LTD., or persons acting on its behalf, in container no. TCLU8511160 at Felixstowe on or before April 14, 2014 and loaded aboard the vessel APL INDONESIA for water transport at which time said Defendant continued to exercised care, control and custody over the subject cargo through to the time of discharge and delivery in the United States.

21. Thereafter, Defendant MITSUI O.S.K. LINES LTD or those acting on its behalf or at said Defendant's direction caused the subject cargo to be discharged after arrival on or about April 26, 2014 and delivered same from the port of Miami on or about April 30, 2014.

22. Upon delivery or shortly thereafter on April 30, 2014, the subject cargo was found damaged, broken and received in an otherwise unsound condition by Plaintiff's insured consignee which damage or unsound condition is attributed to thermal expansion of the Fragrance during the course of transit and/or storage due to sustained elevated temperatures in

excess of what was contracted with and/or notified to the carrier as the maximum temperature for this dangerous cargo's transport.

23. This Defendant's failure to deliver the subject cargo in the same good order, quantity and condition as received at Felixstowe was caused by the Defendant and/or its sub-contractors', agents', and/or servants' breaches of contract and/or warranty, negligence, unreasonable deviation(s), and/or reckless conduct or omissions to properly receive, store, load, stow, lash, carry, transport, discharge, deliver and care for the subject cargo. By reason of such loss, damage and otherwise unsound condition of the subject cargo, the said Defendant breached, failed and violated its duty and obligation as carrier, bailee, and was otherwise at fault which also give rise to a maritime lien enforceable against Defendant and/or its property interests.

24. Plaintiff and its insured(s) have duly performed all duties and obligations on their part to be performed.

25. By reason of the premises, Plaintiff has sustained damages as nearly as same can estimated, no part of which has been paid although duly demanded, in the amount of $10,000.00.

WHEREFORE, Plaintiff demands:

1. That process and warrant for a maritime arrest, attachment and/or garnishment according to the rules and practices of this Court, in causes of admiralty and maritime jurisdiction *in rem*, may issue against the Defendant Vessel and that all persons having or claiming an interest therein may be cited to appear and answer, the matters aforesaid upon application for same by Plaintiff;

2. That process in due form of law according to the practice of this Court may issue against the named Defendants;

3. That if any of the Defendants cannot be found within this District, that all of their property within this District, as shall be described in a subsequent affidavit, be attached in the sum set forth in this Verified Complaint In Admiralty pursuant to the rules and practices of this Court pertaining to maritime attachment and/or garnishment, with interests and costs;

4. That a decree and judgment may be entered in favor of Plaintiff against the Defendants individually, jointly, and severally for the amount of Plaintiff's total damages pleaded herein or to be established at trial, together with pre-judgment and post-judgment interest and taxable costs; and

5. That this Court will grant the Plaintiff such other and further relief as may be just and proper.

                                                                s/ Timothy D. Barrow
                                                             TIMOTHY D. BARROW
                                                             Attorney for Plaintiff

Dated: April 24, 2015
       Lebanon, New Jersey

## ATTORNEY VERIFICATION/CERTIFICATION

I, TIMOTHY D. BARROW, an Attorney at Law of the State of New Jersey and a Member of the Bar of this Court verify, certify, and say:

I am the attorney for the Plaintiff herein; I have read the foregoing Verified Complaint In Admiralty and know the contents thereof; and that the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe it to be true.

The reason this Verification/Certification is made by undersigned counsel and not by Plaintiff is that Plaintiff's corporate officers and/or managers familiar with this matter are not now present within this District. In light of these circumstances, I have been authorized by Plaintiff to make this Verification on their behalf.

The sources of my information and the grounds for my belief as to those matters stated in the Verified Complaint In Admiralty, to be alleged on information and belief, are documents and records in my file and communications with my client and its representatives.

I hereby verify and certify that the foregoing statements made by me are true. I am aware that if any of these statements made by me are willfully false, I am subject to contempt of Court.

                                                s/ Timothy D. Barrow
                                            TIMOTHY D. BARROW
                                            Attorney at Law – State of New Jersey

DATED: April 24, 2015
              Lebanon, New Jersey